**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESWIN OSIEL MALDONADO; VILMA NINETH LOPEZ, a.k.a. Vilma Ninette Lopez; MARLENY CONCEPCION MALDONADO, a.k.a. Marleny Conception Maldonado, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-74893 <br><br> Agency Nos. A073-406-964 <br> A072-404-141 <br> A075-758-639 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Eswin Osiel Maldonado, and his family, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' order dismissing their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992), we deny the petition for review.

Petitioners contend they suffered past persecution and have a well-founded fear of future persecution on account of their imputed political opinion and membership in the particular social group of their family. Substantial evidence supports the agency's denial of asylum because petitioners failed to establish that either the murder of their grandfather by unknown assailants for unknown reasons, or the two anonymous letters threatening the family for unknown reasons demonstrated a nexus to a protected ground. *See id.* at 483-84. Because petitioners failed to establish past persecution on account of a protected ground, their humanitarian asylum claims also fail. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because petitioners failed to demonstrate that it is more likely than not they will be

tortured by or with the acquiescent of government officials if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**